**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Jonathan Hagood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-7319-RMG |
| v. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income.   In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R") on June 26, 2026, recommending that the Commissioner's decision be affirmed. (Dkt. No. 10).   Plaintiff was advised that he had 14 days to file written objections to the R & R, and a failure to timely file objections would result in limited clear error review and a waiver of the right to file an appeal from the District Court's Order. (*Id.* at 19). Plaintiff did not file a timely appeal.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

The Administrative Law Judge ("ALJ") evaluated the Plaintiff's claim under both childhood and adult standards of disability because the Plaintiff was under 18 when the application was filed and has since turned 18. The Plaintiff asserted on appeal that the ALJ did not appropriately apply Listing 12.04 and 12.06 and failed to adequately explain the RFC findings. The Magistrate Judge ably summarized the factual and legal issues involved in this appeal and correctly concluded that there was substantial evidence to support both the Listing analysis and the RFC determination. (Dkt.

No. 10 at 7-17).    After making a clear error review, the Court finds ample basis for the Commissioner's decision and the Magistrate Judge's R & R.

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the Order of the Court and **AFFIRMS** the decision of the Commissioner.

.       **AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 16, 2026